Thompson, J.
delivered the opinion of the court.-.—
The question- is, whether the- locus in- quo was a public highway,- at the time of the alleged trespass. The proceedings of the commissioners-of highways, in the year 1784, in relation to this road-, were not entered on the town record,, until the year 1790,. nor does it.appear by. *402 what authority the record was then made; This, per-aaps, ought not to be considered a record of a road made ■conformable to all the directions of the then statute. ~ It appears, however, that, in fact, this road had been used a£"a public highway for about twelve years, which ispri-ma facie evidence that it was opened by authority, and to be deemed a public highway within the cases contemplated in the first section of the act of 1801,'for regula-ing highways. This section authorizes the commissioners, in their respective towns, to cause such of the roads as are not already described and recorded, to be ascertained, described, and entered of record. This authority necessarily implies, and presupposes an omission of some of the x’equisites to the establishment of a public highway. The roads referred to must be such as were in use, as public highways, at the time of the passing of the act. And the 'one now in question falls within that description. The commissioners, in 1805, had, therefore, authority to ascertain, describe, and enter on record this road; and this having been done, before the alleged trespass, the locus in quo was duly constituted a public highway, which affords,a complete justification for the defendant.(a)
Judgment for the. defendant.

 By the location of a highway, the public acquire an easement not lawfully to be interrupted by the owner of the land ; but the soil and freehold remain in the owner, for every purpose consistent with this public right: he may maintain ejectment for it, and he may sink a water course below the surface, covering it so that the highway may remain safe and convenient for passengers. Paley v. Chandler, 6 Mass T. R. 454. Vide Galatian v. Gardner, 7 John Rep. 106. Stackpole v. Nealy, 16 Mass. 33. Jackson v. Hathaway, 15 John. 447; Where a road had heen laid out in 1798, and opened and worked within six years thereafter, but apart of it had been fenced up, and the travel turned another way for six years after, and including the 19th March, ■5813, it was held that the part jjthus-fenced ceased tobe a road. Lyon v. Manson, 2 Cowen, 426.